Dear Ms. Duncan:
You seek the legal opinion of this office addressing whether or not state law prohibits you from holding at the same time full-time employment with the Shreve Memorial Library and elective office as alderman for the Village of Belcher.
Your question requires an examination of the Dual Officeholding and Dual Employment Law, La.R.S. 42:61, et seq.
La R.S. 42:63(D) provides:
D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office . . .
[Emphasis added].
While La.R.S. 42:63(D) prohibits one from holding employment in the same political subdivision in which he holds elective office, the prohibition does not apply where the positions are held inseparate political subdivisions. For purposes of dual officeholding and dual employment, La.R.S. 42:62(9) defines "political subdivision" to mean a "parish, municipality, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions . . ."
It is readily apparent that the elective office of alderman for the Village of Belcher falls within the political subdivision of a municipality. However, which political subdivision employs you is less apparent, as the Shreve Memorial Library system is an entity jointly established and funded by Caddo Parish and the City *Page 2 
of Shreveport, and supervised by the Shreve Memorial Library Board of Trustees.[1]
We find it unnecessary to make a determination relative to which political subdivision employs you. For purposes of applying La.R.S. 42:63(D), it is sufficient to know that you are not employed in the same political subdivision in which you hold elective office. In both instances, employment with either Caddo Parish or the City of Shreveport is employment in a political subdivision separate from the municipality of Belcher. Thus, it is the opinion of this office that the dual officeholding and dual employment provisions do not prohibit you from holding employment with Shreve Memorial Library and at the same time holding the elective office of alderman for the Village of Belcher.
Your letter to the office does not state whether your employment is classified or unclassified, and we make no finding in this regard. If your position of employment with Shreve Memorial Library falls within the classified civil service, you are not allowed to campaign for or hold elective office. La.Const. Art. X § 9 is applicable to state, city and parish civil service employees and provides that no "employee in the classified service shall participate or engage in political activity", nor shall that employee "be a candidate for nomination or election to public office . . ." Further, Civil Service Rule 14.1(f) provides "no person elected to public office shall, while serving in such elective office, be appointed to or hold any position in the classified service."
If your position of employment with Shreve Memorial Library is unclassified, note there are no state laws requiring you to take a leave of absence from your employment in order to campaign. However, the law does require you to conduct campaign activities during your non-work hours. Campaign activities conducted during work hours are a violation of La.Const. Art. XI § 4, which states that "no public funds shall be used to urge any elector to vote for or against any candidate or proposition, or be appropriated to a candidate or political organization . . ." See also
La.R.S. 18:1465(A) and (B).[2] *Page 3 
Finally, you are subject to your employer's policy regarding campaign activities. We suggest you review any written employment policy governing your conduct as a Shreve Memorial Library employee for possible limitations applicable to your proposed campaign effort.
It is the opinion of this office that the dual officeholding and dual employment laws of this state do not prohibit you from holding at the same time elective office as alderman in the municipality of Belcher and employment with the Shreve Memorial Library. However, if your position of employment is classified, you may not campaign for or hold elective office. Whether your position of employment is classified or unclassified, you are subject to your employer's written policy relative to the campaign activities of employees.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
Very truly yours,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
BY: __________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:arg
[1] See Section 12-1 of Article 12 of the Caddo Parish Home Rule Charter; see also Section 8.05 of Article 8 of the City of Shreveport Home Rule Charter. This merger is also authorized under state law providing ". . . a parish and one or more municipal corporations may jointly establish, maintain and operate a public library . . ." See La.R.S. 25:211. The parish and the city both contribute funding for the operation of the library system, in accordance with La.R.S. 25:217(B), providing "in all cases where a public library is jointly established and maintained, each parish and municipal corporation concerned shall contribute its pro rata or equitable share of the costs and expenses."
[2] La.R.S. 18:1465(A) and (B) provide:
A. No public funds shall be used to urge any elector to vote for or against any candidate or proposition, or be appropriated to a candidate or political organization. This provision shall not prohibit the use of public funds for dissemination of factual information relative to a proposition appearing on an election ballot.
B. Whoever violates any provision of this Section shall be fined not more than five hundred dollars or be imprisoned for not more than six months, or both. On a second offense or any succeeding offense, the penalty shall be a fine of not more than one thousand dollars or imprisonment for not more than one year, or both.